IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIARA MARTIN,

    Plaintiff,

vs.

QUEST COMM, INC., d/b/a MetroPCS
a Florida Profit Corporation, and
CELL TOUCH SFL INC, d/b/a MetroPCS,
a Florida Profit Corporation,

    Defendants.
_____/

## **COMPLAINT FOR DAMAGES**

Plaintiff, CIARA MARTIN, by and through her undersigned counsel, hereby sues Defendants, QUEST COMM, INC. and CELL TOUCH SFL INC, and alleges:

## **INTRODUCTION**

1. This is an action by CIARA MARTIN against her former employers to recover money damages for unpaid overtime, unpaid straight time, unpaid bonuses, unpaid minimum wages, and for unlawful termination pursuant to the Fair Labor Standards Act and Florida law. Plaintiff seeks damages and a reasonable attorney's fee.

## **JURISDICTION**

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207 and 215, as well as the Florida common law. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claims arose within the Southern District of Florida, which is where venue is proper.

## PARTIES AND GENERAL ALLEGATIONS

4. Plaintiff, CIARA MARTIN, (hereinafter "MARTIN") a resident of Broward County, was at all times material, employed by Defendants, QUEST COMM, INC. (hereinafter, QUEST COMM) and CELL TOUCH SFL INC (hereinafter CELL TOUCH), as an hourly plus bonus salesperson, was an employee as defined by 29 U.S.C. § 203(e), and during her employment with Defendants was engaged in commerce or in the production of goods for commerce. To wit: MARTIN, while employed with both Defendants, regularly and recurrently sold and handled cellular phones and accessories for Defendants' retail MetroPCS store located in Lauderhill, Florida.

5. Defendant, QUEST COMM and CELL TOUCH are Florida Profit Corporations doing business in Broward County, Florida, and are enterprises engaged in an industry affecting commerce, are employers as defined by 29 U.S.C. §§ 203(d) and (s)(1), in that each has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working with goods or materials that have been moved in or produced for commerce by any person; and each is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 206 207, and 215 and Florida common law, in the retail store locations where MARTIN was employed.

6. Defendants QUEST COMM and CELL TOUCH agreed to compensate Plaintiff with both an hourly wage as well as bonuses and spiffs on sales.

7. Plaintiff worked for Defendant QUEST COMM from October 2017 through approximately May 2019.

8. On or about June 2019, Defendant CELL TOUCH took over operations in the store where Plaintiff worked. Plaintiff worked for CELL TOUCH from June 2019 until the end of her employment in mid-July 2019.

9. As a result of an automatic meal break deduction that is implemented regardless of whether or not an employee actually takes a break, and because of other illegal pay practices, Plaintiff worked several unpaid hours for both Defendants, some of which were straight time and some that were overtime.

10. Plaintiff earned bonuses and spiffs during her employment. During several workweeks, Plaintiff was not paid for all bonuses and spiffs that were earned.

11. Plaintiff worked more than 40 hours during several workweeks, but did not get paid for all overtime hours, and when she did get paid overtime, Defendants failed to include Plaintiff's bonuses and spiffs in her regular rate of pay when computing overtime, in violation of 29 CFR §778.118 and §778.209. In addition, Defendants would sometimes move overtime hours during one week and pay those hours for the following week, but at the straight time rate.

12. Defendant CELL TOUCH, after taking over operations for QUEST COMM, failed to pay Plaintiff and other employees in a timely manner, failed to pay for all hours worked, and failed to pay all bonuses and spiffs that were earned. Plaintiff complained to the owner of CELL TOUCH about this. In response, Plaintiff was suspended and ultimately terminated because of her complaints about CELL TOUCH'S illegal pay practices.

13. During Plaintiff's final days of her employment, she worked approximately 12-14 hours for which she was paid no wages.

## Count I – Violation of FLSA by QUEST COMM – Overtime

14. Plaintiff, CIARA MARTIN, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 7 and 9 through 11 above.

15. Since October 2017, up to and including May 2019, Defendant QUEST COMM has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically MARTIN, since October 2017, has worked in excess of 40 hours per week for several workweeks and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed.

16. The failure to pay full and proper overtime compensation to MARTIN is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a non-exempt employee.

17. QUEST COMM's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and MARTIN's status as non-exempt, but chose not to pay her in accordance with the Act.

18. MARTIN is entitled pursuant to 29 U.S.C. § 216(b), to recover from QUEST COMM:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

d.  A reasonable attorney's fee.

WHEREFORE, Plaintiff, CIARA MARTIN, prays that this court will grant judgment against Defendant, QUEST COMM:

a.  awarding MARTIN payment of all overtime compensation found by the court to be due to her under the Act, including pre-judgment interest;

b.  awarding MARTIN an additional equal amount as liquidated damages;

c.  awarding MARTIN her costs, including a reasonable attorney's fee; and

d.  granting such other and further relief as is just.

### Count II – Breach of Contract by QUEST COMM: Unpaid Wages (Straight Time and Unpaid Commissions)

19. MARTIN realleges the allegations in paragraphs 1 through 7 and 9 through 11, as if fully set forth in Count II of her Complaint.

20. QUEST COMM agreed to pay Plaintiff an hourly wage for each hour worked.

21. QUEST COMM agreed to pay Plaintiff bonus compensation and spiffs pursuant to a company compensation plan.

22. Plaintiff worked several hours without receiving her hourly wage for all hours worked.

23. Plaintiff made sales that entitled her to be paid the agreed upon bonus and spiffs, but was not fully paid.

24. QUEST COMM's failure to pay MARTIN for all hours worked and for all bonus and spiffs earned amounts to a breach of contract.

25. As a result of QUEST COMM's breach, MARTIN has incurred general damages and is entitled to recover her unpaid wages, as well as prejudgment interest to partially compensate her for the loss of use of the funds that were due.

WHEREFORE, Plaintiff, CIARA MARTIN, requests judgment against Defendant QUEST COMM, for her unpaid wages and other damages, together with costs of suit and reasonable attorney's fees, and such other and further relief as the court may deem proper.

### **Count III – Violation of FLSA by CELL TOUCH – Overtime**

26. Plaintiff, CIARA MARTIN, realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 6 and 8 through 11 above.

27. Since June 2019, up to and including July 2019, Defendant CELL TOUCH has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically MARTIN, since June 2019, has worked in excess of 40 hours per week for several workweeks and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed.

28. The failure to pay full and proper overtime compensation to MARTIN is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a non-exempt employee.

29. CELL TOUCH's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and MARTIN's status as non-exempt, but chose not to pay her in accordance with the Act.

30. MARTIN is entitled pursuant to 29 U.S.C. § 216(b), to recover from CELL TOUCH:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, CIARA MARTIN, prays that this court will grant judgment against Defendant, CELL TOUCH:

    a. awarding MARTIN payment of all overtime compensation found by the court to be due to her under the Act, including pre-judgment interest;

    b. awarding MARTIN an additional equal amount as liquidated damages;

    c. awarding MARTIN her costs, including a reasonable attorney's fee; and

    d. granting such other and further relief as is just.

### Count IV – Breach of Contract by CELL TOUCH: Unpaid Wages (Straight Time and Unpaid Commissions)

31. MARTIN realleges the allegations in paragraphs 1 through 6 and 8 through 11, as if fully set forth in Count IV of her Complaint.

32. CELL TOUCH agreed to pay Plaintiff an hourly wage for each hour worked.

33. CELL TOUCH agreed to pay Plaintiff bonus compensation and spiffs pursuant to a company compensation plan.

34. Plaintiff worked several hours without receiving her hourly wage for all hours worked.

35. Plaintiff made sales that entitled her to be paid the agreed upon bonus and spiffs, but was not fully paid.

36. CELL TOUCH's failure to pay MARTIN for all hours worked and for all bonus and spiffs earned amounts to a breach of contract.

37. As a result of CELL TOUCH's breach, MARTIN has incurred general damages and is entitled to recover her unpaid wages, as well as prejudgment interest to partially compensate her for the loss of use of the funds that were due.

WHEREFORE, Plaintiff, CIARA MARTIN, requests judgment against Defendant CELL TOUCH, for her unpaid wages and other damages, together with costs of suit and reasonable attorney's fees, and such other and further relief as the court may deem proper.

**Count V – Violation of FLSA by CELL TOUCH – Minimum Wages**

38. Plaintiff, CIARA MARTIN, realleges, as if fully set forth in Count V, the allegations of Paragraphs 1 through 7 and 9 through 11 above.

39. During the last week of Plaintiff's employment, she worked approximately 12-14 hours.

40. Despite working several hours during the last week of her employment, CELL TOUCH has refused to pay MARTIN her final paycheck.

41. The failure to pay MARTIN her final paycheck results in a violation of the minimum wage provisions of the FLSA.

42. CELL TOUCH's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and its obligation to pay MARTIN at least a minimum wage, but chose not to pay her in accordance with the Act.

43. MARTIN is entitled pursuant to 29 U.S.C. § 216(b), to recover from CELL TOUCH:

    a. All unpaid minimum wages that are due;

    b. As liquidated damages, an amount equal to the unpaid minimum wages owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, CIARA MARTIN, prays that this court will grant judgment against Defendant, CELL TOUCH:

    a. awarding MARTIN payment of all minimum wage compensation found by the court to be due to her under the Act, including pre-judgment interest;

    b. awarding MARTIN an additional equal amount as liquidated damages;

    c. awarding MARTIN her costs, including a reasonable attorney's fee; and

    d. granting such other and further relief as is just.

**Count VI –Violation of FLSA by CELL TOUCH – Retaliation**

44. MARTIN realleges, as if fully set forth in Count VI, the allegations of Paragraphs 1 through 7 and 12-13 above.

45. MARTIN, at several times during the course of her employment with CELL TOUCH, complained to the owner of the company about not receiving payment of wages and not receiving payment for all hours worked, as well as the

timing and manner in which she was being compensated. Specifically, MARTIN made her complaints well-known to CELL TOUCH that she was not being compensated correctly for overtime, minimum wages and other hours worked.

46. As a result of MARTIN's complaints mentioned above, CELL TOUCH suspended Plaintiff from her employment and constructively discharged her.

47. CELL TOUCH's actions as more particularly described above were directly related to and in response to MARTIN's various complaints about wage theft and timing of payroll, since there are no other justifiable reasons for CELL TOUCH's adverse action taken against MARTIN.

48. MARTIN's actions as described in Paragraph 45 above constitute statutorily protected conduct under Section 15(a)(3) of the FLSA.

49. CELL TOUCH's conduct more specifically alleged above violated MARTIN's rights against retaliation for opposing unlawful employment actions, which retaliation is proscribed by the FLSA.

50. MARTIN is entitled pursuant to 29 U.S.C. § 216(b), to recover from CELL TOUCH:

    a. All lost wages that are due, including pre-judgment interest;

    b. As liquidated damages, an amount equal to lost wages

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, CIARA MARTIN, prays that this court will grant judgment against CELL TOUCH:

    a. awarding MARTIN all lost wages found by the court to be due to her, including pre-judgment interest;

b. awarding MARTIN payment of liquidated damages in an amount equal to the lost wages due to her;

c. awarding MARTIN her costs, including a reasonable attorney's fee; and

d. granting such other and further relief as is just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: February 18, 2020
Plantation, Florida

Respectfully submitted,

*s/Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 NW 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for CIARA MARTIN*